UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON,
individually on behalf of I.H. and S.H., her minor children                    PLAINTIFFS

v.

HON. LORI GOODWIN et al.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Motion to Dismiss (DN 17) by Defendant James Murphy ("Murphy"); Motion to Dismiss (DN 18) by Defendant Abigail Green ("Green"); Motion to Dismiss filed on behalf of Defendants Jefferson County Attorney, Jefferson County, and Jennifer Murzyn Yancey ("Yancey") (collectively, "Jefferson County Defendants") (DN 25); Plaintiffs' Motions for Leave to Amend (DN 36, 40); and Plaintiffs' Motion to Withdraw (DN 59). The motions are ripe for adjudication.

### I.     BACKGROUND

This matter relates to two family court cases filed in Jefferson Family Court (Kentucky). (1st Am. Compl. ¶ 2, DN 6). Plaintiff Teresa Harmon ("Harmon"), on her own behalf and on behalf of her two children, I.H. and S.H. (collectively, "Plaintiffs'), asserts they had their constitutional rights violated, were discriminated against, and were subjected to tortious conduct during or related to those proceedings. (1st Am. Compl. ¶¶ 3-5, 57-59, 179-91, 277-81).

Plaintiffs filed this action and then subsequently filed the 1st Amended Complaint in which they assert various claims under 42 U.S.C. § 1983 and state law. (Compl., DN 1; 1st Am. Compl. ¶¶ 54-317). These claims have been asserted against numerous parties including Jefferson County and Jefferson County Attorney. (1st Am. Compl. ¶¶ 18-19). In addition,

1

Plaintiffs have asserted claims against Murphy, Green, and Yancey in their official and individual capacities. (1st Am. Compl. ¶¶ 11-12, 18).

Murphy and Green have moved to dismiss the claims asserted against them in the initial Complaint. (Def.'s Mot. Dismiss, DN 17; Def.'s Mot. Dismiss, DN 18). Jefferson County Defendants have also moved to dismiss the claims against them in the initial Complaint. (Def.'s Mot. Dismiss, DN 25). Plaintiffs have moved for leave to file the 2nd and 3rd Amended Complaints, but they have since moved to withdraw those motions. (Pls.' Mot. Leave Amend, DN 36; Pls.' Mot. Leave Amend, DN 40; Pls.' Mot. Withdraw, DN 59).

## II.  DISCUSSION

### A.  Plaintiffs' Motion to Withdraw (DN 59)/Plaintiffs' Motions for Leave to Amend (DN 36, 40)

While Plaintiffs had moved for leave to file to 2nd and 3rd Amended Complaints, they have since moved to withdraw those motions. (Pls.' Mot. Leave Amend, DN 36; Pls.' Mot. Leave Amend, DN 40; Pl.'s Mot. Withdraw, DN 59). Because Defendants did not oppose Plaintiffs' motion to withdraw, the motion to withdraw is granted, and Plaintiffs' motions for leave to amend are denied. The 1st Amended Complaint (DN 6) remains the operative pleading.

### B.  Defendants' Motions to Dismiss (DN 17, 18, 25) – Complaint (DN 1)

While Murphy, Green, and Jefferson County Defendants have moved to dismiss the initial Complaint filed in this action, Plaintiffs have subsequently filed the 1st Amended Complaint (DN 6). (Def.'s Mot. Dismiss, DN 17; Def.'s Mot. Dismiss, DN 18; Defs.' Mot. Dismiss, DN 25). Because the 1st Amended Complaint subsumes the allegations in the initial Complaint, these motions are denied as moot.[1] *See Herran Props., LLC v. Lyon Cnty. Fiscal Ct.*,

---

[1] In their reply, Jefferson County Defendants attempt to attack the sufficiency of the 1st Amended Complaint for the first time when their motion addressed the sufficiency of the

2

No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (W.D. Ky. Dec. 13, 2017) (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.     Plaintiffs' Motion to Withdraw (DN 59) is **GRANTED**, and Plaintiffs' Motions for Leave to Amend (DN 36, 40) are **WITHDRAWN**. The 1st Amended Complaint (DN 6) is the operative pleading.

2.     Defendants' Motions to Dismiss (DN 17, 18, 25) are **DENIED AS MOOT**. Defendants shall file a responsive pleading or motion relating to the 1st Amended Complaint by **March 27, 2025**.

Greg N. Stivers, Chief Judge
United States District Court

February 10, 2025

cc:     counsel of record
         Plaintiffs, *pro se*

---

Complaint. Raising new arguments in a reply is improper, and Jefferson County Defendants' attempt to attack the 1st Amended Complaint in this manner is disregarded. *See Glass v. Polyconcept N. Am., Inc.*, No. 1:23-CV-00014-GNS, 2024 WL 3678793, at *2 (W.D. Ky. Aug. 6, 2024) ("It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" (quoting *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012)). To the extent that Jefferson County Defendants wish to challenge the operative pleading, they must make an appropriate motion, which will provide an opportunity for Plaintiffs to respond.

3