UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON,
individually on behalf of I.H. and S.H., her minor children     PLAINTIFFS

v.

HON. LORI GOODWIN et al.     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motion to Dismiss (DN 27) by Defendant Cabinet for Health and Family Services ("CHFS"). The motion is ripe for adjudication.

## I.     BACKGROUND

This matter relates to two family court cases filed in Jefferson Family Court (Kentucky). (1st Am. Compl. ¶ 2, DN 6). Plaintiff Teresa Harmon ("Harmon"), on her own behalf and on behalf of her two children, I.H. and S.H. (collectively, "Plaintiffs'), asserts they had their constitutional rights violated, were discriminated against, and were subjected to tortious conduct during or related to those proceedings. (1st Am. Compl. ¶¶ 3-5).

Plaintiffs filed this action against numerous defendants including CHFS. (1st Am. Compl. ¶¶ 17, 258-70, 275-90). In particular, the 1st Amended Complaint asserts a 42 U.S.C. § 1983 claim, and state law claims of negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") against CHFS. (1st Am. Compl. ¶¶ 258-70, 275-90).

CHFS has moved to dismiss the claims asserted against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Def.'s Mot. Dismiss, DN 27). Plaintiffs did not respond to this motion.

1

## II. DISCUSSION

Threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should generally be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

### A. Fed. R. Civ. P. 12(b)(1)

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in their complaint and require the court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, the court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A plaintiff bears the burden in both these situations. *See Bell*, 327 U.S. at 682.

#### 1. *Claims on Behalf of I.H and S.H.*

CHFS contends that Harmon cannot pursue claims on behalf I.H. and S.H. without counsel.[1] (Def.'s Mot. Dismiss 14-15). The Sixth Circuit has held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also id.* ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake."

---

[1] Specifically as to CHFS, Harmon has asserted the Section 1983 claim on behalf of I.H. and S.H., and the NIED on behalf of I.H. (1st Am. Compl. ¶¶ 258, 275).

(citation omitted)). Therefore, because Harmon cannot proceed *pro se* on behalf of I.H. and S.H., any claims asserted on behalf of her minor children against CHFS must be dismissed.

### 2. *Eleventh Amendment Immunity for Section 1983 Claim*

The 1st Amended Complaint contains a Section 1983 claim asserted by Harmon against CHFS for violations of her rights under the Fourteenth Amendment to the U.S. Constitution. (1st Am. Compl. ¶¶ 258-70). CHFS argues that the claim is barred by Eleventh Amendment immunity. (Def.'s Mot. Dismiss 4-5).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment as barring claims regardless of the remedy sought against the state itself, a state agency, or a state official acting in their official capacity unless the state waives immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)).; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (2008). This immunity extends to a state agency, an arm of the state, or a branch of the government, and bars all claims requesting relief against the state in federal court unless the state has waived its immunity. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100, 124; *Pugh*, 438 U.S. at 782; *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 146.

CHFS is a state governmental agency of the Commonwealth of Kentucky. *See Johnson v. Pennyrile Allied Cmty. Servs.*, No. 5:20-CV-71-TBR-LLK, 2021 WL 1873453, at *3 (W.D.

Ky. May 10, 2021) (citing KRS 12.020(II)(8)). In particular, "CHFS [] operates the Department for Community Based Services [], which administers and is responsible for child and adult protection, violence prevention resources, foster care and adoption, permanency, and services to enhance family self-sufficiency, including child care, social services, public assistance, and family support." *Id.* (citing KRS 194A.030(8)).

As the Sixth Circuit has recognized, the Commonwealth of Kentucky has not waived its Eleventh Amendment immunity. *See Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004) (citation omitted). Thus, Harmon's Section 1983 claim against CHFS is barred by the Eleventh Amendment. *See Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (holding that a Section 1983 against CHFS was barred by the Eleventh Amendment).

### 3. *Kentucky Board of Claims' Jurisdiction over NIED Claim*

Finally, CHFS contends that this Court lacks jurisdiction to hear the NIED claim. (Def.'s Mot. Dismiss 10-11). Under Kentucky law, "[t]he Board of Claims shall have exclusive jurisdiction to hear claims for damages, except as otherwise specifically set forth by statute, against the Commonwealth, its cabinets, departments, bureaus, or agencies . . . ." KRS 49.060. This limited waiver of sovereign immunity "provide[s] the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus, or agencies . . . to be able to assert their just claims as herein provided." *Id.*

Because a NIED claim includes the elements of a standard negligence claim and Kentucky has only waived sovereign immunity for negligence claims before the Kentucky Board of Claims, Harmon must pursue any negligence claim in that forum, and this Court lacks jurisdiction to hear the NIED claim. *See Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-TBR, 2017 WL 5986972, at *11 (W.D. Ky. Dec. 1, 2017) (citing *Osborne v. Keeney*, 399 S.W.3d 1,

4

17-18 (Ky. 2012)) (outlining the elements of an NIED claim).  CHFS's motion is granted on this basis.

      **B.**      <u>**Fed. R. Civ. P. 12(b)(6)**</u>

When reviewing a motion to dismiss, a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).  In the complaint, the plaintiff must supply "factual allegations . . . sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2007)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to survive a motion to dismiss.  Fed. R. Civ. P. 8(a)(2).  This standard still permits courts to "disregard bare legal conclusions and naked assertion[s]" and "afford[] the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (first alteration in original) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678) (citation omitted).  Further, a court may not "credit a [t]hreadbare recital of the elements of a cause of action . . . supported by mere conclusory statements." *Id.* (alteration in original) (internal quotation marks omitted) (citation omitted).

The Supreme Court has advised courts to review *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," but this does not mean a court should fill in absent arguments or create claims on a *pro se* plaintiff's behalf, thus becoming an advocate for

the party. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. [*Gordon v. Leeke*, 574 F.2d 1147 (1978),] directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers.").

### 1. *Section 1983 Claim*

Assuming arguendo that Harmon's Section 1983 claim is not barred by the Eleventh Amendment, CHFS contends that Harmon has failed to state such a claim against it for several reasons. (Def.'s Mot. Dismiss 5-9).

To state such a claim, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018). The Supreme Court has held that states and their agencies do not qualify as "persons" under Section 1983, and they are immune from liability. *See Will*, 491 U.S. at 70; *Graham*, 473 U.S. at 169. Accordingly, CHFS is not a person, and Harmon has failed to state a Section 1983 claim against CHFS. *See Sefa*, 510 F. App'x at 437 ("[CHFS] is not a 'person' subject to suit under section 1983." (citing *Will*, 491 U.S. at 71)). This claim is dismissed.

### 2. *NIED Claim*

Even if this Court had jurisdiction over Harmon's NIED claim, CHFS argues that the 1st Amended Complaint fails to state such a claim against CHFS. (Def.'s Mot. Dismiss 9-11). For an NIED claim, a plaintiff must allege the elements of a standard negligence claim, which include a duty, breach, causation, and damages, as well as a "severe emotional injury." *Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-TBR, 2017 WL 5986972, at *11 (W.D. Ky. Dec. 1,

2017) (citing *Osborne v. Keeney*, 399 S.W.3d 1, 17-18 (Ky. 2012)). "[A] mere formulaic recitation of an element of a cause of action is insufficient to state a claim without accompanying factual allegations." *Id.* at *10 (citing *Alioto v. Advantage Assocs., Inc.*, No. 10-14-C, 2011 WL 4435681, at *3 (W.D. Ky. Sept. 22, 2011)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

Other than referencing CHFS with eight other Defendants in the caption for this claim, there are insufficient allegations of the elements of an NIED claim specifically relating to CHFS. (1st Am. Compl. ¶¶ 275-81). Thus, the 1st Amended Complaint has failed to state an NIED claim against CHFS.

### 3    *IIED Claim*

Lastly, CHFS contends that the 1st Amended Complaint has failed to state a claim for IIED. (Def.'s Mot. Dismiss 10-13). To state such a claim, a plaintiff must allege that:

> 1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). For an IIED claim, the alleged conduct must be "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984). The actions taken by the defendant must have been alleged to have "been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community." *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990) (quoting Restatement (Second) of Torts § 46 cmt. d).

Other than referencing CHFS and a co-Defendant in the caption for this claim, the 1st Amended Complaint fails to allege how CHFS specifically committed this tort. (1st Am. Compl. ¶¶ 275-81). Likewise, the "formulaic recitation" of the elements in this pleading without supporting allegations is insufficient to state a claim that meets the high standard for outrageous conduct. *See Savidge*, 2017 WL 5986972, at *10 (citing *Alioto*, 2011 WL 4435681, at *3). Accordingly, this claim is dismissed.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 27) is **GRANTED**. The *pro se* claims asserted on behalf of I.H. and S.H. against CHFS are **DISMISSED WITHOUT PREJUDICE**, and Harmon's claims against CHFS are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

February 10, 2025

cc:   counsel of record
      Plaintiffs, *pro se*