UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON,
individually on behalf of I.H. and S.H., her minor children          PLAINTIFFS

v.

HON. LORI GOODWIN et al.                                              DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motion to Dismiss (DN 31) filed by Defendant Dr. Ginger Crumbo ("Crumbo"), and Motion to Dismiss (DN 32) filed by Defendant Louis Waterman ("Waterman"). The motions are ripe for adjudication.

## I.  **BACKGROUND**

This matter relates to two family court cases filed in Jefferson Family Court (Kentucky). (1st Am. Compl. ¶ 2, DN 6). Plaintiff Teresa Harmon ("Harmon"), on her own behalf and on behalf of her two children, I.H. and S.H. (collectively, "Plaintiffs'), asserts they had their constitutional rights violated, were discriminated against, and were subjected to tortious conduct during or related to those proceedings. (1st Am. Compl. ¶¶ 3-5, 57-59, 179-91, 277-81).

Plaintiffs filed this action against numerous defendants, including Dr. Crumbo and Waterman, who are sued in both their official and individual capacities. (1st Am. Compl. ¶¶ 10, 13). Harmon alleges that Dr. Crumbo "is a state-appointed psychologist engaged in the provision of psychological services for family court litigants' children" and provided services to I.H. (1st Am. Compl. ¶ 13). Waterman is a private attorney who represented Defendants Bradley Harmon ("Bradley") and Shellie Harmon ("Shellie"), Harmon's ex-husband and his current wife, in family court cases adverse to Harmon. (1st Am. Compl. ¶ 10). In particular, the 1st Amended Complaint

asserts federal claims against Dr. Crumbo and Waterman pursuant to 42 U.S.C. § 1983, and state law claims of negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED").  (1st Am. Compl. ¶¶ 54-101, 126-32, 148-56, 237-48, 271-281, 291-317).

Dr. Crumbo and Waterman moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6).  (Def.'s Mot. Dismiss, DN 31; Def.'s Mot. Dismiss, DN 32).  Plaintiffs oppose the motions.[1]  (Pls.' Resp. Defs. Mot. Dismiss, DN 39).

## II.    <u>STANDARD OF REVIEW</u>

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).  In the complaint, the plaintiff must supply "factual allegations . . . sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2007)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to survive a motion to dismiss.  Fed. R. Civ. P. 8(a)(2).  This standard still permits courts to "disregard bare legal conclusions and naked assertion[s]" and "afford[] the

---

[1] Plaintiffs have filed a 34-page document in response to the motions.  (Pls.' Resp. Defs.' Mots. Dismiss, DN 38).  Under LR 7.1(d), responses are limited to 25 pages in length, and if party wishes to exceed that page limit, the party must file a motion seeking permission from the Court to avoid having the non-compliant filing stricken from the record.  *See Joint Local Rules of Civil Practice*, https://www.kywd.uscourts.gov/sites/kywd/files/local_rules/KY%20Amended%20Civil%20Rules_08-1-2024.pdf.

presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (first alteration in original) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678) (citation omitted).  Further, a court may not "credit a [t]hreadbare recital of the elements of a cause of action . . . supported by mere conclusory statements." *Id.* (alteration in original) (internal quotation marks omitted)d (citation omitted).

The Supreme Court has advised courts to review *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," but this does not mean a court should fill in absent arguments or create claims on a *pro se* plaintiff's behalf, thus becoming an advocate for the party. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.  [*Gordon v. Leeke*, 574 F.2d 1147 (1978),] directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.  District judges are not mind readers.").

## III.    DISCUSSION[2]

### A.    Claims on Behalf of I.H and S.H.

Dr. Crumbo and Waterman assert that Harmon cannot pursue claims on behalf of I.H. and S.H. without counsel.[3]  (Def.'s Mem. Supp. Mot. Dismiss 3, DN 31-1 [hereinafter Crumbo's

---

[2] The 1st Amended Complaint purports to assert claims against Dr. Crumbo and Waterman in their individual and official capacities.  (1st Am. Compl. ¶¶ 10, 13).  As this Court has recognized, a private party cannot be sued in his or her official capacity.  *See* Valdes v. Evans, No. 5:19CV-P4-TBR, 2019 WL 334171, at *3 (W.D. Ky. Jan. 25, 2019) (citing *Lester v. Extendicare, Inc.*, No. 6:13-CV-21, 2013 WL 3781300 at *3 (E.D. Ky. July 18, 2013)).  Therefore, because Dr. Crumbo and Waterman are private parties, Plaintiffs do not have official capacity claims against them, and any such claims are dismissed.

[3] As to the moving Defendants, Harmon has asserted Section 1983 claims on behalf of both I.H. and S.H., an NIED claim on behalf of I.H., and an IIED claim on behalf of S.H.  (1st Am. Compl. ¶¶ 54, 126, 275, 308).

Mem.]; Def.'s Mem. Supp. Mot. Dismiss 4, DN 32-1 [hereinafter Waterman's Mem.]).  The Sixth Circuit has held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also id.* ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." (citation omitted)).  Therefore, because Harmon cannot proceed *pro se* on behalf of I.H. and S.H., any claims asserted on their behalf against Dr. Crumbo and Waterman must be dismissed.

**B.    Section 1983 Claims**

Dr. Crumbo and Waterman argue that the 1st Amended Complaint fails to state a Section 1983 claim against them.[4]  (Crumbo's Mem. 3-8; Waterman's Mem. 4-6).  To state such a claim, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law."  *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018).  As a general rule, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

---

[4] Counts I and I.D assert Section 1983 claims against Dr. Crumbo, while Counts I, III, V, and VII assert Section 1983 claims against Waterman.  (1st Am. Compl. ¶¶ 54-101, 126-32, 148-56, 237-48, 271-74).

### 1.    *Fairly Attributable to the State*

"A private party's actions constitute state action under section 1983 where those actions may be 'fairly attributable to the state.'"  *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)).  "There are three tests for determining whether a private actor may be treated as a state actor:  'the public-function test, the state-compulsion test, and the nexus test.'"[5]  *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 140 (6th Cir. 2023) (quoting *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014)).  "Private persons jointly engaged with state officials in a deprivation of civil rights are acting under color of law for purposes of § 1983."  *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985) (citations omitted).[6]

### a.    **State-Compulsion Test**

Plaintiffs contend that Dr. Crumbo is a state actor based on the state-compulsion test.  (Pls.' Resp. Defs.' Mots. Dismiss 20-21).  As the Sixth Circuit has stated:

> The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.  More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives.

---

[5] In their response, Plaintiffs conceded that Waterman is a private party.  (Pls.' Resp. Defs.' Mots. Dismiss 22); *see also Webb v. Fickling*, No. 1:23-CV-00013, 2023 WL 3635712, at *6 (M.D. Tenn. May 24, 2023) ("Private attorneys representing private parties in a domestic relations case . . . 'are not state actors subject to suit under [Section] 1983.'"  (second alteration in original) (quoting *Davis v. Carter*, No. 20-3186, 2020 WL 8575594, at *2 (6th Cir. Sept. 22, 2020))); *McGhan v. Kalkaska Cnty. Dep't of Hum. Servs.*, No. 1:08-CV-1113, 2009 WL 2170151, at *13 (W.D. Mich. July 20, 2009) ("Attorneys fulfill a private function in representing their clients and do not act as agents of the state."  (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981))); *Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").  Thus, it is unnecessary to apply any of these tests to Waterman.

[6] Plaintiffs have also conceded that Dr. Crumbo was not a state actor under the public-function test, so it is unnecessary to apply this test.  (Pls.' Resp. Defs.' Mots. Dismiss 20).

*Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted) (citation omitted).  In their response, Plaintiffs assert:

> Dr. Crumbo was compelled for a period of years to make recommendations to the state actors, a custom which is typical of Dr. Crumbo's entire clinical practice as a court-appointed therapist who accepts referrals from state actors and does not accept medical insurance because of her symbiotic relationship with the courts and its officers.  By nature of her court appointment, she is compelled to make recommendations.

(Pls.' Resp. Defs.' Mot. Dismiss 21).  Plaintiffs have not plausibly alleged that Dr. Crumbo was compelled in any way—merely by accepting a court appointment—that interfered with her professional judgment and independence, or that otherwise influenced any reports she made or any testimony she provided in the family court proceedings.  *See Wolotsky*, 960 F.2d at 1137 ("[A]lthough the state provided a significant portion of the funding of Portage Path, the state did not choose the members of the Board of Trustees, nor did it choose the executive director or make personnel policies or decisions for Portage Path.  Thus, nothing in the record suggests that the state exercised such coercive power or provided such encouragement as to make Portage Path's personnel decision state action.").  Based on the allegations in the 1st Amended Complaint, Dr. Crumbo is not a state actor under the state-compulsion test.

### b.    Nexus Test

Plaintiffs also assert that Dr. Crumbo is a state actor by virtue of the nexus test.  (Pls.' Resp. Defs.' Mots. Dismiss 20).  As the Sixth Circuit has held:

> Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.  Merely because a business is subject to state regulation does not by itself convert its action into state action.  Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983.

*Wolotsky*, 960 F.2d at 1335 (internal citations omitted) (citation omitted). "The required nexus may be established by showing that the State has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Plaintiffs respond that "Dr. Crumbo, Waterman, the [friend of the court], and the [guardian ad litem] had been in communication from the time [since] [Harmon]'s counseling with Child stopped in May 2020 through January 2021 when Waterman used Dr. Crumbo's endorsement to sever Plaintiffs' contact in the trial court." (Pls.' Resp. Defs.' Mot. Dismiss 21). That argument, however, is neither supported by allegations in the 1st Amended Complaint nor does it address the sufficiency of the specific allegations made that could provide the required nexus. The 1st Amended Complaint alleges that Dr. Crumbo provided therapy to I.H. and testified in at least one of the family court cases. *(See, e.g.*, 1st Am. Compl. ¶¶ 26, 28). The pleading is otherwise devoid of any allegation that the state somehow controlled or directed the therapy provided by Dr. Crumbo or her actions. Thus, Dr. Crumbo is also not a state actor under the nexus test.

For these reasons, the allegations in the 1st Amended Complaint do not plausibly state a Section 1983 claim against either Dr. Crumbo or Waterman as a state actor. The Section 1983 claims are dismissed on this basis.

### 2.    *Civil Conspiracy*

Plaintiffs also argue that they have stated a Section 1983 claim based on a civil conspiracy involving both Dr. Crumbo and Waterman with a state actor. (Pls.' Resp. Defs.' Mots. Dismiss 21-22). Count I purports to allege a conspiracy involving the family court judge presiding over

her cases, the judge's staff attorney, Dr. Crumbo, Waterman, the attorneys serving as the friend of court and as guardian ad litem, Bradley, and Shellie.  (1st Am. Compl. ¶¶ 54-101).

"A plaintiff may [] allege that a private party has engaged in a conspiracy or concerted action with other state actors."  *Wester v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020).  "Under such circumstances, '[p]rivate persons may be held liable under § 1983 if they willfully participate in joint action with state agents.'"  *Id.* (alteration in original) (quoting *Memphis, Tenn. Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)).

As the Sixth Circuit has stated:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.  Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy.  Each conspirator need not have known all of the details of the illegal plan or all of the participants involved.  All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks*, 771 F.2d at 943-44 (citations omitted).  "In this circuit, '[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'"  *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).  "[V]ague characterizations of 'joint conduct' within the Complaint, which do not allege either corruption or any extra-judicial agreement to act on Defendants' behalf, do not equal 'joint conduct' with a state actor for the purposes of 42 U.S.C. § 1983 and the United States Supreme Court's case law."  *Surman v. Baragar*, No. 1:06-CV-312, 2006 WL 2162177, at *3 (W.D. Mich. July 31, 2006).  "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."  *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Here, the allegations against Dr. Crumbo and Waterman lack the requisite specificity to support a Section 1983 claim based on a civil conspiracy. There is no allegation of corruption or an extrajudicial agreement to support the existence of a conspiracy involving these Defendants. Overall, specific allegations to support such a conspiracy are wholly lacking and conclusory in nature. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("Ciambriello has not provided any 'details of time and place,' and he has 'fail[ed] to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense.'" (alterations in original) (internal citation omitted) (citation omitted)). Merely participating in a family court proceeding alone is not enough. Thus, to the extent that Plaintiffs have attempted to assert a Section 1983 civil conspiracy claim against Dr. Crumbo and Waterman, these Defendants are entitled to dismissal of that claim.

## C.    <u>NIED Claim</u>

Dr. Crumbo and Waterman next contend that Plaintiffs have failed to state an NIED claim, which is alleged against them and seven other Defendants. (Crumbo's Mem. 8; Waterman's Mem. 7-9). For an NIED claim, a plaintiff must allege the elements of a standard negligence claim, which include a duty, breach, causation, and damages, as well as a "severe emotional injury." *Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-TBR, 2017 WL 5986972, at *11 (W.D. Ky. Dec. 1, 2017) (citing *Osborne v. Keeney*, 399 S.W.3d 1, 17-18 (Ky. 2012)). "[A] mere formulaic recitation of an element of a cause of action is insufficient to state a claim without accompanying factual allegations." *Id.* at *10 (citing *Alioto v. Advantage Assocs., Inc.*, No. 10-14-C, 2011 WL 4435681, at *3 (W.D. Ky. Sept. 22, 2011)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

Under notice pleading, Plaintiffs must allege conduct as to each Defendant and a legal theory upon which relief is requested. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S 506, 514 (2002)) (noting the Fed. R. Civ. P. 8 requirement of putting defendants "fair notice" and "the grounds upon which they rest"). Other than referencing Dr. Crumbo and Waterman with seven other Defendants in the caption of this claim, Plaintiffs have otherwise failed to allege the elements of an NIED claim specifically relating to Dr. Crumbo or Waterman. (1st Am. Compl. ¶¶ 275-81). Thus, Plaintiffs have failed to state an NIED claim against these moving Defendants, and this claim is dismissed.

### D.    **IIED Claim**

Finally, Dr. Crumbo and Waterman seek dismissal of Plaintiffs' IIED claim in Count X, which are asserted against them and five other Defendants. (Crumbo's Mem. 8; Waterman's Mem. 7-9). To state a claim for IIED under Kentucky law:

> 1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)), *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). The alleged conduct must be "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984). The actions taken by the defendant must have been alleged to have "been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

and to be regarded as atrocious, and utterly intolerable in a civilized community." *Seitz*, 796 S.W.2d at 3 (quoting Restatement (Second) of Torts § 46 cmt. d).

The IIED claim fails for the similar reasons as the NIED claim. The allegations are broadly and mostly couched in terms of the conduct of "Defendants" without specific allegations to support the assertion of such a claim against either Dr. Crumbo or Waterman and do not put these Defendants on notice of how they may be liable for committing this tort. (1st Am. Compl. ¶¶ 291-307); *Kensu*, 5 F.4th at 651 (citation omitted). Other than referencing Dr. Crumbo and Waterman with five other Defendants in the caption of this claim, Plaintiffs have otherwise failed to allege the elements of an IIED claim specifically relating to Dr. Crumbo or Waterman. (1st Am. Compl. ¶¶ 291-307). The motions to dismiss are granted on this basis.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendants' Motions to Dismiss (DN 31, 32) are **GRANTED**. All claims asserted Dr. Crumbo and Waterman are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

February 10, 2025

cc:    counsel of record
Plaintiffs, *pro se*