UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON,
individually on behalf of I.H. and S.H., her minor children                             PLAINTIFFS

v.

HON. LORI GOODWIN et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Motions to Dismiss (DN 41, 44) and Motion for Extension of Time (DN 56) filed by Defendants Bradley Harmon ("Bradley") and Shellie Harmon ("Shellie"); Plaintiffs' Motions to Strike (DN 42, 45); and Plaintiffs' Motion for Partial Summary Judgment (DN 55). The motions are ripe for adjudication.

### I.     BACKGROUND

This matter relates to two family court cases filed in Jefferson Family Court (Kentucky). (1st Am. Compl. ¶ 2, DN 6). Plaintiff Teresa Harmon ("Harmon") claims she and her two children, I.H. and S.H. (collectively, "Plaintiffs"), had their constitutional rights violated, and were subjected to tortious conduct during a series of child custody hearings and actions. (1st Am. Compl. ¶¶ 3-5, 25-55).

Plaintiffs filed this action asserting various federal and state law claims against numerous defendants, including Bradley and Shellie. (1st Am. Compl. ¶¶ 14-15, 25, 27). Harmon and Bradley were married and had I.H. together before they separated and divorced in October 2011. (1st Am. Compl. ¶ 25). They entered into a mediation agreement in December 2016, after Bradley had married his new wife, Shellie. (1st Am. Compl. ¶¶ 25, 27). Under its terms, Bradley was granted primary custody of I.H., both Harmon and Bradley were permitted to provide religious

1

training to I.H., and both Harmon and Bradley were provided unrestricted access to I.H.'s medical and mental health records. (1st Am. Compl. ¶ 27). In particular, the 1st Amended Complaint asserts federal claims under 42 U.S.C. § 1983, and state law claims for negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") against Bradley and Shellie. (1st Am. Compl. ¶¶ 54-101, 148-56, 237-48, 271-74, 291-317).

Bradley and Shellie have moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. Dismiss, DN 41; Def.'s Mot. Dismiss, DN 44). Plaintiffs did not respond to those motions. Plaintiffs have moved for partial summary judgment on the NIED claim against Bradley and Shellie. (Pls.' Mot. Partial Summ. J., DN 55). Finally, Bradley and Shellie have moved for an extension of time to respond to the partial summary judgment motion if the Court were to permit the NIED claim to proceed against them. (Defs.' Mot. Extension Time, DN 56).

## I.     JURISDICTION

The Court has subject-matter jurisdiction based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. Supplemental jurisdiction exists over the state law claims. Venue is proper in the Western District of Kentucky as the events occurred in Jefferson County, Kentucky. *See* 28 U.S.C. § 1391(b).

## III.     DISCUSSION

### A.     **Defendants' Motions to Dismiss (DN 41, 44)**

Bradley and Shellie have moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mem. Supp. Mot. Dismiss 4-10, DN 41-1 [hereinafter Bradley's Mem.]; Def.'s Mem. Supp. Mot. Dismiss 4-10, DN 44-1 [hereinafter Shellie's Mem.]). When reviewing a motion to dismiss, a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

2

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  In the complaint, the plaintiff must supply "factual allegations . . . sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2007)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to survive a motion to dismiss.  Fed. R. Civ. P. 8(a)(2).  This standard still permits courts to "disregard bare legal conclusions and naked assertion[s]" and "afford[] the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (first alteration in original) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).  Further, a court may not "credit a [t]hreadbare recital of the elements of a cause of action . . . supported by mere conclusory statements." *Id.* (alteration in original) (internal quotation marks omitted) (citation omitted).

The Supreme Court has advised courts to review *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," but this does not mean a court should fill in absent arguments or create claims on a *pro se* plaintiff's behalf, thus becoming an advocate for the party. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.  [*Gordon v. Leeke*, 574 F.2d 1147 (1978),] directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.  District judges are not mind readers.").

### 1.    *Claims on Behalf of I.H and S.H.*

Bradley and Shellie assert that Harmon cannot pursue claims on behalf I.H. and S.H. without counsel. (Bradley's Mem. 4; Shellie's Mem. 4). The Sixth Circuit has held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990); *see also Watkins v. Kentucky*, No. 1:23-CV-00088-RGJ, 2023 WL 7093042, at *2 (W.D. Ky. Oct. 25, 2023) ("Under 28 U.S.C. § 1654, '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]' That statute, however, 'does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.'" (quoting *Shepherd*, 313 F.3d at 963)). Therefore, because Harmon cannot proceed *pro se* on behalf of I.H. and S.H., any claims asserted on their behalf against Bradley or Shellie must be dismissed.

### 2.    *Section 1983 Claim*

Bradley and Shellie argue that Plaintiffs have failed to state a Section 1983 claim against them because neither one is a state actor. (Bradley's Mem. 4-5; Shellie's Mem. 4-5). To state a Section 1983 claim, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018). As a general rule, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

"A private party's actions constitute state action under section 1983 where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). "There are three tests

4

for determining whether a private actor may be treated as a state actor: 'the public-function test, the state-compulsion test, and the nexus test.'" *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 140 (6th Cir. 2023) (quoting *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014)). "Private persons jointly engaged with state officials in a deprivation of civil rights are acting under color of law for purposes of § 1983." *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985) (citations omitted).

Nevertheless, "a private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials, cannot [be considered state action]." *Carver v. Houchens Food Grp., Inc.*, No. 1:19-CV-00099-GNS-HBB, 2020 WL 2203842, at *5 (W.D. Ky. May 6, 2020) (alteration in original) (internal quotation marks omitted) (quoting *Tahfs*, 316 F.3d at 591); *see also Geiling v. Wirt Fin. Servs., Inc.*, No. 14-11027, 2014 WL 8473822, at *68 (E.D. Mich. Dec. 31, 2014) ("[M]erely filing a claim, prosecuting or defending an action, or prevailing in court does not transform private conduct into state action." (citations omitted)).

Plaintiffs failed to respond to these motions and have therefore conceded that Bradley and Shellie are entitled to dismissal of the Section 1983 claim because they are not state actors. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citations omitted)); *Bazinksi v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned." (citation omitted)). Even if the Court were to consider the merits of the arguments raised, Plaintiffs have not alleged facts supporting the proposition that Bradley would qualify as a state actor under any of the tests. Bradley's role as a party to the child custody proceeding alone clearly does not suffice. Similarly,

Plaintiffs have not alleged facts that Shellie, who is currently married to Bradley, is a state actor under either test. Accordingly, Plaintiffs have failed to state a Section 1983 claim against either Bradley or Shellie, and the motion is granted on this basis.

3. ***Section 1983 Civil Conspiracy Claim***

Count I purports to allege a conspiracy involving the family court judge presiding over Harmon's cases, the judge's staff attorney, a state-appointed psychologist, a private attorney, the attorneys serving as the friend of court and as guardian ad litem, and Bradley, and Shellie. (1st Am. Compl. ¶¶ 54-101). While it is not plausible that Bradley and Shellie are state actors, that fact is not determinative.

"A plaintiff may [] allege that a private party has engaged in a conspiracy or concerted action with other state actors." *Wester v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020). "Under such circumstances, '[p]rivate persons may be held liable under § 1983 if they willfully participate in joint action with state agents.'" *Id.* (alteration in original) (quoting *Memphis, Tenn. Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)).

As the Sixth Circuit has stated:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks*, 771 F.2d at 943-44 (citations omitted). "In this circuit, '[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826

F.2d 1534, 1538 (6th Cir. 1987)). "[V]ague characterizations of 'joint conduct' within the Complaint, which do not allege either corruption or any extra-judicial agreement to act on Defendants' behalf, do not equal 'joint conduct' with a state actor for the purposes of 42 U.S.C. § 1983 and the United States Supreme Court's case law." *Surman v. Baragar*, No. 1:06-CV-312, 2006 WL 2162177, at *3 (W.D. Mich. July 31, 2006). "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

The allegations against Bradley and Shellie lack the requisite specificity to support a Section 1983 claim based on a civil conspiracy. There is no allegation of corruption or an extrajudicial agreement to support the existence of a conspiracy involving Bradley and Shellie. Overall, specific allegations to support such a conspiracy are wholly lacking and are totally conclusory in nature. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("Ciambriello has not provided any 'details of time and place,' and he has 'fail[ed] to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense.'" (alterations in original) (internal citation omitted) (citation omitted)). Merely participating in a family court proceeding alone is not enough. Thus, to the extent that Plaintiffs have attempted to assert a Section 1983 civil conspiracy claim against Bradley and Shellie, these moving Defendants are entitled to dismissal of that claim.

    **4.**    *NIED Claim*

Bradley and Shellie assert that Plaintiffs have failed to state an NIED claim, which is alleged against them and other Defendants. (Bradley's Mem. 5-7; Shellie's Mem. 5-7). For an NIED claim, a plaintiff must allege the elements of a standard negligence claim, which include a duty, breach, causation, and damages, as well as a "severe emotional injury." *Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-TBR, 2017 WL 5986972, at *11 (W.D. Ky. Dec. 1, 2017) (citing

*Osborne v. Keeney*, 399 S.W.3d 1, 17-18 (Ky. 2012)). "[A] mere formulaic recitation of an element of a cause of action is insufficient to state a claim without accompanying factual allegations." *Id.* at *10 (citing *Alioto v. Advantage Assocs., Inc.*, No. 10-14-C, 2011 WL 4435681, at *3 (W.D. Ky. Sept. 22, 2011)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

Under notice pleading, Plaintiffs must have alleged conduct as to each Defendant and a legal theory upon which relief is requested. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S 506, 514 (2002)) (noting the Fed. R. Civ. P. 8 requirement of putting defendants "fair notice" and "the grounds upon which they rest"). While the caption of Count VIII of the 1st Amended Complaint indicates that the claim is asserted against Bradley and Shellie, there is no allegation of a duty, a breach of that duty, causation, or damages specifically relating to Bradley and Shellie. Besides the title, Bradley and Shellie are only mentioned in the conclusory paragraph. (1st Am. Compl. ¶ 281). There are insufficient allegations to state a plausible NIED claim against them.

For these reasons, Plaintiffs have failed to allege a plausible NIED claim against Bradley or Shellie, and their motions are granted.

### 5. *IIED Claim*

Finally, Bradley and Shellie seek dismissal of the IIED claims, which are asserted against them and other Defendants. (Bradley's Mem. 7-10; Shellie's Mem. 7-10). To establish a claim for IIED under Kentucky law:

> 1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)), *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). To state a claim, the alleged conduct must be "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984). The actions taken by the defendant must have been alleged to have "been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Seitz*, 796 S.W.2d at 3 (quoting Restatement (Second) of Torts § 46 cmt. d).

As to the IIED claims, the allegations are broadly couched in terms of the conduct of "Defendants" without specifying allegations to support the assertion of such a claim against either Bradley or Shellie, and are insufficient to put them on notice of the allegations against them. (1st Am. Compl. ¶ 291-307); *Kensu*, 5 F.4th at 651 (citation omitted). Even from the allegations raised, Plaintiffs failed to allege specific facts that could plausibly support a finding of outrageous conduct. Accordingly, the motions are granted as to Plaintiffs' IIED claims against Bradley and Shellie.

      **B.**      <u>**Plaintiffs' Motions to Strike (DN 42, 45)**</u>

Plaintiffs have moved to strike the motions to dismiss filed by Bradley and Sheila pursuant to Fed. R. Civ. 12(f). (Pls.' Mot. Strike 1-2, DN 42; Pls.' Mot. Strike 1-2, DN 45). Under this rule, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' motions must be denied, however, because a motion to dismiss is not a pleading. *See Pertuso v. Ford Motor Credit Co.*,

233 F.3d 417, 420 (6th Cir. 2000) ("A Rule 12(b)(6) motion to dismiss does not qualify as a 'pleading' . . . ." (citing Fed. R. Civ. P. 7(a)).

### C. Plaintiffs' Motion for Partial Summary Judgment (DN 55)

Plaintiffs moved for partial summary judgment on the NIED claim against Bradley and Shellie only. (Pls.' Mot. Partial Summ. J., DN 55). A court may grant summary judgment if the moving party can establish that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a court determines whether summary judgment is appropriate, it must resolve all ambiguities and draw all inferences "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

The moving party initially bears the burden of informing the district court of the basis of its motion, either by identifying those portions of the record supporting its position or by demonstrating the absence of evidence to support one of the essential elements of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). The nonmoving party must present evidence on which the trier of fact could reasonably find for him, but this evidence must provide more than a "mere scintilla of evidence" for support. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

As discussed above, however, Plaintiffs have failed to state a NIED claim against Bradley or Shellie. Accordingly, this motion is denied as moot.

### D. Defendants' Motion for Extension of Time

Bradley and Shellie have moved for an extension of time to respond to Plaintiffs' partial summary judgment motion, which is opposed by Plaintiffs. (Defs.' Mot. Extension Time 1, DN 56; Pls.' Resp. Defs.' Mot. Extension Time 1-3, DN 57). Because Plaintiffs have failed to state an

NEID claim against Bradley and Shellie, no response is necessary, and this motion is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions to Dismiss (DN 41, 44) are **GRANTED**. Any *pro se* claim asserted on behalf of I.H. and S.H. against Bradley Harmon and Shellie Harmon is **DISMISSED WITHOUT PREJUDICE**, and all claims asserted by Harmon against Bradley Harmon and Shellie Harmon are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs' Motions to Strike (DN 42, 45) are **DENIED**.

3. Plaintiffs' Motion for Partial Summary Judgment (DN 55) is **DENIED AS MOOT**.

4. Defendants' Motion for Extension of Time (DN 56) is **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

February 10, 2025

cc: counsel of record
Plaintiffs, *pro se*