UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON                                                                                          PLAINTIFF

v.

HON. LORI GOODWIN et al.                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motions to Alter or Amend (DN 76, 77, 91, 95) and Plaintiff's Motions for Leave to Amend (DN 90, 94). The motions are ripe for adjudication.

A.   **Motions for Leave to Amend**

Plaintiff Teresa Harmon ("Harmon") has twice moved for leave to amend her motion (DN 77) seeking to alter the Memorandum Opinion and Order (DN 72), in which the Court dismissed Harmon's claims against Bradley Harmon ("Bradley") and Shellie Harmon ("Shellie"). (Pl.'s Mot. Leave Amend, DN 90; Pl.'s Mot. Leave Amend, DN 94). In the interest of having the issues fully briefed, these motions are granted, and the Court will consider the amended motions (DN 91, 95).

B.   **Motions to Alter Judgment**

1.   *DN 76*

In the first motion, Harmon contends that this Court erred in finding that she may appeal from the Jefferson Family Court orders when this Court granted Defendants' motion to dismiss (DN 22). (Mem. Op. & Order, DN 72).

1

In 2023, Harmon filed three appeals with the Kentucky Court of Appeals: Case Nos. 2023-CA-0492, 2023-CA-0752, and 2023-CA-1355. To address Harmon's contentions, each appeal will be discussed briefly based on the court dockets. *See Overton v. Tennessee*, 590 F. Supp. 3d 1087, (M.D. Tenn. 2022) ("The Court may 'take judicial notice of entries from its docket or another court's [docket].'" (alteration in original) (quoting *Cunningham v. Rapid Response Monitoring Serv., Inc.*, 251 F. Supp. 3d 1187, 1191 n.1 (M.D. Tenn. 2017))).

      a.      No. 2023-CA-0492[1]

On April 17, 2023, Harmon filed a notice of appeal from a decision of the Jefferson Family Court dated March 17, 2023, which denied Harmon's motion to appeal *in forma pauperis* from orders entered on February 8 and 9, 2023. The Kentucky Court of Appeals affirmed that the denial of that request on June 8, 2023. *See Harmon v. Harmon*, No. 2023-CA-0492-ME, Order (Ky. App. June 8, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/3c8a0a5690515133a09f34a45259c38747b6aba6ff7c5f6d859250a1311d800b/download. Harmon then moved for discretionary review, which the Kentucky Supreme Court denied on September 20, 2023. *See Harmon v. Harmon*, No. 2023-SC-0303-DE, Order (Ky.Sept. 20, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/ca4be640d423834e61b91ab0d90062dc77e67aa4aaf3e4305a4f06ab6ea9a5e8/download. In late October or early November 2023, Harmon requested an extension of time as a disability accommodation, but the request was returned as untimely because the appeal was final as of September 28, 2023.

---

[1] The docket sheet for this appeal is found at https://appellatepublic.kycourts.net/case/summary/6b30dc148a1331aee42a624e75ea3a3756ed2015ed4afb78fd6896d810be812e.

### b. No. 2023-CA-0752[2]

On June 22, 2023, Harmon filed a notice of appeal from a Jefferson Family Court order and was permitted to proceed *in forma pauperis*. On June 27, 2023, the Kentucky Court of Appeals entered show cause order directing Harmon to explain why the appeal should not be dismissed as interlocutory.[3] *See Harmon v. Harmon*, No. 2023-CA-0752-MR, Order (Ky. App. June 27, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/6c2a13 3d984c8c8cc02e0fc195a476c77d85b3caa3f1080d9413b9f3aa52ebe4/download. Harmon's attorney, Louis Waterman ("Waterman"),[4] filed a response on Harmon's behalf on July 13, 2023. On August 22, 2023, the Court of Appeals dismissed that appeal as interlocutory. *See Harmon v. Harmon*, No. 2023-CA-0752-MR, Order (Ky. App. Aug. 22, 2023), at online at https://appellatep ublic.kycourts.net/api/api/v1/publicaccessdocuments/4be5b0e320d3ebb838e72f0c8bb8ce1c5e92 f83ed3200da3fe9e87e6204f23f0/download. That appeal became final on October 16, 2023.

### c. No. 2023-CA-1355[5]

Harmon filed her most recent appeal on November 8, 2023, and paid the required filing fee. On December 28, 2023, the Kentucky Court of Appeals issued a show cause order directing Harmon to explain why the appeal should not be dismissed as interlocutory. *See Harmon v.*

---

[2] The docket sheet for this appeal is found at https://appellatepublic.kycourts.net/case/summary/9 759307a8e32e191a385c5c6e042c175e2de3acaa3a1ceca2c0293bf73016b1d.

[3] An interlocutory order is defined as "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Interlocutory Order*, Black's Law Dictionary (12th ed. 2024). Under Kentucky law, "[a]n interim or interlocutory order at the trial court level . . . cannot be appealed before the final decision of the trial court disposing of all issues [in the case]." *Knott v. Crown Colony Farm, Inc.*, 865 S.W.2d 326, 329 (Ky. 1993). When an appellate court lacks jurisdiction over an interlocutory appeal, it will dismiss the appeal. *See Dep't of Corr. v. Baze*, 701 S.W.3d 549, 551 (Ky. 2024) ("[T]here is no appellate jurisdiction over the typical interlocutory order. And it is for that reason that attempted interlocutory appeals are dismissed." (citations omitted)).

[4] Waterman was a Defendant in the present action.

[5] The docket sheet for this appeal is found at https://appellatepublic.kycourts.net/case/summary/0 ea5d76ba0002b82aa70362785ceb4b3fab7c5c7ea73d2e62ddd30b553952c50.

*Harmon*, No. 2023-CA-1355, Order (Ky. App. Dec. 28, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/314e7e25f094b52fdc380b75efd3833ad70efdc4e470865855432b07a16c9f6f/download. On January 29, 2024, the Kentucky Court of Appeals dismissed that appeal as interlocutory. *See Harmon v. Harmon*, No. 2023-CA-1355, Order (Ky. App. Jan. 29, 2024), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/314e7e25f094b52fdc380b75efd3833ad70efdc4e470865855432b07a16c9f6f/download. That appeal became final on March 1, 2024.

In this motion, Harmon focuses on her first appeal. In that appeal, she sought review of two Jefferson Family Court orders from February 2023. (Pl.'s Mot. Alter J. 3-5, DN 76). As noted above, those orders were included in the appeal in Case No. 2023-CA-0492. While Harmon claims that the appeal was never docketed, this assertion is patently incorrect because that appeal was assigned a Kentucky Court of Appeals case number. As noted above, the Kentucky Court of Appeals affirmed the Jefferson Family Court's order denying *in forma pauperis* status, and the Kentucky Supreme Court denied review. While Harmon alleges she paid the filing fee on September 29, 2023, the appeal became final on September 28, 2023, so the payment of the filing fee was untimely. (1st Am. Compl. ¶ 319).

While Harmon's initial appeal was not dismissed as interlocutory, Harmon failed to meet the requirements for pursuing an appeal from the Jefferson Family Court because she did not timely pay the required filing fee for Case No. 2023-CA-0492. *See* 10 Griffin Terry Sumner & Jason P. Renzelmann, *Kentucky Practice: Appellate Practice* § 7.2 (Feb. 2025 update) (noting that unless *in forma pauperis* status is granted, an appellant must pay the required filing fee). For these reasons, Harmon's allegation that she was denied the right to appeal does not support a plausible claim for relief in the present action, and any relevant claims were properly dismissed.

### 2. DN 77

Harmon also seeks reconsideration of the Court's decision dismissing her claims against Bradley Harmon ("Bradley") and Shellie Harmon ("Shellie"). Harmon challenges the timeliness of their motions, the Court's statement that she failed to file a response to those motions, and the Court's denial of her motions to strike. (Pl.'s Mot. Alter J. 2-5, DN 77).

#### a. Timeliness of Motions to Dismiss

Harmon asserts that Bradley and Shellie's Fed. R. Civ. P. 12(b)(6) motions were untimely because they were not filed until after their answers had been filed. (Pl.'s Mot. Alter J. 2-3, DN 77). Their answers were filed on March 26 and 27, 2024, but their motions were not filed until May 2 and 6, 2024. (Answer, DN 29; Answer, DN 30; Def.'s Mot. Dismiss, DN 41; Def.'s Mot. Dismiss, DN 44).

Fed. R. Civ. P. 12 provides that "[a] motion asserting any of [the] [12(b)] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Harmon is therefore correct that these motions were not timely filed.[6]

"While normally a party must file a Rule 12(b)(6) motion before filing an answer, or simultaneously with filing the responsive pleading, 'courts have allowed untimely motions if the defense has been previously included in the answer.'" *Stein v. Kent St. Univ. Bd. of Trs.*, 994 F. Supp. 898, 903 (N.D. Ohio 1998) (citation omitted); *see also Wiler v. Kent St. Univ.*, No. 5:20-CV-490, 2021 WL 809350, at *4 (N.D. Ohio Mar. 3, 2021) ("Moreover, district courts within the

---

[6] By failing to respond to the Bradley and Shellie's motions, Harmon waived this issue. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citations omitted)); *Bazinksi v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned." (citation omitted)). Nevertheless, she is not entitled to the requested relief as explained below.

Sixth Circuit appear to permit post-answer Rule 12(b)(6) motions, despite other district courts construing them as Rule 12(c) motions." (citations omitted)); *Chapman v. Olymbec USA, LLC*, No. 2:18-CV-02842, 2019 WL 5684177, at *4 (W.D. Tenn. Nov. 1, 2019) ("Courts will consider post-answer motions to dismiss if the defense was properly preserved in the answer." (citations omitted)); *Birkenbach v. Nat'l Gypsum Co.*, No. 13-14607, 2014 WL 2931795, at *4 (E.D. Mich. June 30, 2014) ("[E]ven if a party must preserve a Rule 12(b)(6) defense by filing a corresponding motion before its answer, 'courts have allowed untimely motions if the defense has been previously included in the answer.'" (citation omitted)).

In this instance, both answers raise the defense of failure to state a claim. (Answer 5, DN 29; Answer 6, DN 30). Therefore, this Court did not err in considering the merits of Bradley and Shellie's 12(b)(6) motions, and Harmon's motion is denied on this basis.

### b. Lack of Response to Motions to Dismiss

Harmon also contends that she opposed Bradley and Shellie's motions to dismiss when she filed a response (DN 35) to their answers. (Pl.'s Mot. Alter J. 3-4, DN 77). That filing, however, was an unauthorized pleading and of no effect.

"[T]he filing of an answer usually closes the pleadings, and a response to an answer is not allowed." *Dudley v. Green*, No. 19-54-HRW-CJS, 2020 WL 13995034, at *1 (E.D. Ky. Oct. 27, 2020) (alteration in original) (quoting *Jones v. Warden Ross Corr. Inst.*, No. 2:11-CV-871, 2012 WL 3245521, at *1 (S.D. Ohio Aug. 9, 2012)). While Fed. R. Civ. P. 7 provides for a reply to an answer, such pleading is only permitted "if the court orders one[,]" and the Court had not ordered

such a pleading in this case. Fed. R. Civ. P. 7(a)(7). Thus, Harmon's argument lacks merit, and this motion is denied.[7]

### c. Motions to Strike

Finally, Harmon argues that the Court erred in denying her motions to strike (DN 42, 45) relating to Bradley and Shellie's motions. (Pl.'s Mot. Alter J. 4-5, DN 77). It was entirely proper for Bradley and Shellie to raise a Fed. R. Civ. P. 12(b) defense in their answers. *See* Fed. R. Civ. P. 8(b)(1), 12(b). As noted above, Bradley and Shellie had to raise the Fed. R. Civ. P. 12(b)(6) defense in order to be able to subsequently seek dismissal on that basis. Any disagreement regarding the merits of any defenses asserted by Bradley or Shellie does not provide a proper basis to strike their answers. As the Court noted previously, a motion to strike is not a proper challenge to a motion to dismiss. (Mem. Op. & Order 9-10, DN 72). This motion is denied.

### 3. *DN 91*

In this motion, Harmon reiterates essentially the same arguments she raised in DN 77 in seeking reconsideration of the Memorandum Opinion and Order (DN 72) dismissing her claims against Bradley and Shellie.[8] (Pl.'s Mot. Alter J. 2-5, DN 77). For the same reasons outlined above, this motion is also denied.

---

[7] In lieu of summarily dismissing the claims, the Court considered the merits of arguments made in support of Bradley and Shellie's motions, and determined that dismissal was warranted. (Mem. Op. & Order 2-9, DN 72).

[8] In this motion, however, she notes that Bradley and Shellie could have also challenged the sufficiency of the allegations through motions filed under Fed. R. Civ. P. 12(c) or 56. (Pl.'s Mot. Alter J. 3, DN 91). Because it was not improper for the Court to consider their motions to dismiss under Fed. R. Civ. P. 12(b)(6), it is unnecessary to address the availability of other methods for seeking dismissal of claims.

      **4.**    *DN 95*

In this motion, Harmon seeks reconsideration of the Memorandum Opinion and Order (DN 73) dismissing the claims asserted against Defendants Jefferson Family Judge Lori Goodwin, Stephanie Willis, David Nicholson, Katie Morgan, Katie Comstock, the Administrative Office of the Courts, and the Kentucky Supreme Court. (Pl.'s Mot. Alter J. 1, DN 95). Harmon contends that this Court erred in finding that she had an opportunity to appeal. (Pl.'s Mot. Alter J. 4, DN 95). This motion relates to two of her appeals.

To the extent that Harmon is challenging the rulings of the Kentucky appellate courts relating to her appeals in this forum, those arguments are not well-taken. The *Rooker-Feldman* doctrine bars this Court's review of state court rulings. *See Reece v. Whitley*, No. 16-6793, 2018 WL 11363779, at *2 (6th Cir. May 14, 2018) ("[The *Rooker-Feldman*] doctrine precludes the exercise of federal jurisdiction over his challenges to the state trial court and appellate court proceedings. The *Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that 'the state court's action was unconstitutional.'" (internal citations omitted) (citation omitted)).

Harmon asserts that this Court's prior ruling misstates the resolution of her appeal in Case No. 2023-CA-0492. (Pl.'s Mot. Alter J. 4-7, DN 95). As clarified above, this appeal was dismissed after Harmon was not granted *in forma pauperis* status, and the appeal became final before she paid any filing fee. She was not denied access to appellate review but failed to comply with the requirements for seeking appellate review.

Harmon also argues that the Kentucky Court of Appeals erred in finding that her appeal in Case No. 2023-CA-0752 was interlocutory. (Pl.'s Mot. Alter J. 8-10, DN 95). Harmon notes

that the Jefferson Family Court's order contained a recitation making the order final and appealable. (Pl.'s Mot. Alter J. 9-10, DN 95).

It is well-established that a recitation indicating an order is final and appealable is not determinative of whether a decision is actually final and appealable under Kentucky Rule of Civil Procedure ("CR") 54.02. *See Preferred Risk Mut. Ins. Co. v. Ky. Farm Bureau Mut. Ins. Co.*, 972 S.W.2d 469, 470 (Ky. 1994) ("It is true that the mere recitation of the "final and appealable" provision of CR 54.02 is not determinative of the matter."); *see also Turpin v. Stanley Schulze & Co.*, Nos. 2008-CA-000298-MR/2008-CA-00385/2008-CA-000453-MR, 2009 WL 875218, at *1 n.1 (Ky. App. Apr. 3, 2009) ("It is becoming a common practice for trial courts to include finality language pursuant to Kentucky Rules of Civil Procedure ("CR") 54.02 as an alternative to denying a party's motion for reconsideration under CR 59.05. While we recognize there are limited occasions when such an order may be appropriate, a trial court should not grant CR 54.02 requests routinely or as a courtesy to counsel. Each case must be evaluated on a case[-]by[-]case basis." (citing *Watson v. Best Fin. Servs., Inc.*, 245 S.W.3d 722, 726 (Ky. 2008))). "As [the Kentucky] Supreme Court has said, '[i]t is the character of the order that controls.'" *Est. of Mathes v. Cosby*, No. 2014-CA-001776-MR, 2016 WL 4488160, at *5 (Ky. App. Aug. 26, 2016) (quoting *Sublett v. Hall*, 589 S.W.2d 888, 891 (Ky. 1979))). Therefore, Harmon's argument lacks merit.

Finally, Harmon contends that the Kentucky Court of Appeals lacked jurisdiction to issue a show cause order relating to her interlocutory appeal. (Pl.'s Mot. Alter J. 8, DN 95). As the Kentucky Supreme Court has explained, "[j]urisdiction is a threshold issue; 'a court must have [it] before it has authority to decide a case.' *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005). Jurisdiction cannot be waived or conferred by agreement of the parties. *Id.* A 'court must

9

determine for itself whether it has jurisdiction.'" *Childers v. Albright*, 636 S.W.3d 523, 526 (Ky. 2021) (quoting *Hubbard v. Hubbard*, 197 S.W.2d 923, 923 (Ky. 1946)). Thus, Harmon's argument that a Kentucky appellate court lacked the authority to consider whether it had jurisdiction over an appeal is wholly without merit.

Because this motion has failed to articulate a basis for the Court to alter the outcome of the prior ruling, the motion is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motions for Leave to Amend (DN 90, 94) are **GRANTED**.

2. Plaintiff's Motions to Alter or Amend (DN 76, 77, 91, 95) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 7, 2025

cc: counsel of record
Teresa Harmon, *pro se*