UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON                                                    PLAINTIFF

v.

HON. LORI GOODWIN et al.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 92). The motion is ripe for adjudication.

## I.      BACKGROUND

This matter relates to two family court cases filed in Jefferson Family Court (Kentucky). (1st Am. Compl. ¶ 2, DN 6). Plaintiff Teresa Harmon ("Harmon") claims that the rights of her and her two children, I.H. and S.H., were violated, and that they were subjected to tortious conduct during a series of child custody hearings and actions. (1st Am. Compl. ¶¶ 3-5, 25-55).

Plaintiffs filed this action asserting various federal and state law claims against numerous defendants. (1st Am. Compl. ¶¶ 54-322). For purposes of the pending motion, Harmon has asserted claims under 42 U.S.C. § 1983 against Jennifer Yancey ("Yancey") in both her individual and official capacities, and against Jefferson County. (1st Am. Compl. ¶¶ 139-147, 157-212, 249-257).

Yancey and Jefferson County have moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. Dismiss, DN 92). Harmon opposes the motion. (Pl.'s Resp. Defs.' Mot. Dismiss, DN 104; Pl.'s Resp. Defs.' Mot. Dismiss, DN 105).

1

## II.    STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).  The Supreme Court has advised courts to review *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," but this does not mean a court should fill in absent arguments or create claims on a *pro se* plaintiff's behalf, thus becoming an advocate for the party. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## III.    DISCUSSION

### A.    Yancey - Official Capacity Claims

The 1st Amended Complaint asserts claims against Yancey in her official capacity.  (1st Am. Compl. ¶¶ 1, 18).  When an individual government employee is sued in her official capacity, this "is *not* a suit against the official personally, for the real party in interest is the

entity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citation omitted).  Because Yancey was employed as an assistant county attorney by the Jefferson County Attorney's Office, Jefferson County is the real party in interest, and the official capacity claim against Yancey is dismissed as duplicative because Jefferson County is a party to this action.

      **B.**     **<u>Yancey – Individual Capacity Claims</u>**

      Harmon states two Section 1983 claims against Yancey in her individual capacity for violations of Harmon's Fourteenth Amendment rights.  (1st Am. Compl. ¶¶ 18, 139-147, 249-257).  Yancey contends that the claims are barred by absolute immunity and that Harmon has failed to state Section 1983 claims against her.  (Defs.' Mot. Dismiss 4-6).

      "American law has long recognized absolute immunity for those whose special functions or constitutional status requires complete protection from suit.  That brand of immunity extends to government officers like prosecutors whose activities are intimately associated with the judicial process."  *Price v. Montgomery Cnty.*, 72 F.4th 711, 719 (6th Cir. 2023) (internal quotation marks omitted)  (internal citation omitted) (citation omitted).  As the Sixth Circuit has noted:

> Prosecutors, alongside defense counsel, are tasked with equipping judges and juries to accurately determine a defendant's guilt.  That task necessarily entails making judgment calls as to how pre-trial matters are handled, trials are conducted, witnesses are used, and evidence is presented.  Conduct of that ilk traditionally is accompanied by absolute immunity from civil liability.  In fact, prosecutorial immunity has a long reach—it extends even to "unquestionably illegal or improper conduct," including instances where a defendant is genuinely wronged.

*Id.* (internal citations omitted) (citation omitted).

      In determining the application of any exception to absolute immunity, the Court must consider whether the alleged conduct or inaction is "intimately associated with the judicial

process." *Id.* at 719-20 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  If it does not, only qualified immunity applies.  *See id.* (citing *Buckley*, 509 U.S. at 269).

Yancey is an assistant county attorney.  Harmon alleges that Yancey "denied [] . . . the right to make a criminal complaint, thus depriving [Harmon] of her federally protected rights under color of law.  (1st Am. Compl. ¶ 18).  This allegation is essentially repeated in support of both Section 1983 claims asserted against Yancey.  (1st Am. Compl. ¶¶ 142-145, 252-255).

Harmon's claims against Yancey relate to the performance of prosecutorial duties by attorneys employed by Jefferson County Attorneys' Office and are therefore inextricably associated with the judicial process.  "Absolute immunity allows a prosecutor to exercise his independent judgment in 'deciding which suits to bring and in conducting them in court' based on his [or her] duty to the public rather than on a fear of potential liability in a suit for damages." *Grant v. Hollenbach*, 870 F.2d 113, 1137 (6th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976)).  Accordingly, the motion to dismiss is granted, and the Section 1983 claims against Yancey are barred by the doctrine of absolute immunity; it is therefore unnecessary to address the sufficiency of the allegations under the *Iqbal*/*Twombly* standard.

## C.    Jefferson County

### 1.    Monell *Claims*

In the 1st Amended Complaint, Harmon seeks to impose liability on Jefferson County for Yancey's actions under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  (1st Am. Compl. ¶¶ 146, 256).  "Respondeat superior or vicarious liability will not attach under [Section] 1983." *City of Canton v. Harris*, 489 U.S. 378, 386 (1989) (citing *Monell*, 436 U.S. at 694-95).  Rather, for a municipality to be liable for the actions of its employees under *Monell*, a causal link must connect the alleged constitutional deprivation to a

4

policy or custom of the municipality. *See Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993). "*Monell* is a case about responsibility." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). "The official policy requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 479-80 (internal quotation marks omitted).

To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). A plaintiff may show the existence of an illegal policy or custom by showing "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted). To establish liability under this standard, the custom asserted must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. "In turn, the notion of law must include [d]eeply embedded traditional ways of carrying out state policy [and] must reflect a course of action deliberately chosen from among various alternatives." *Doe v. Claiborne Cnty. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507-08 (6th Cir. 1996) (first alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted).

The allegations in the 1st Amended Complaint fail to state a claim under any of the four theories to prove an illegal policy or custom. The fact that Harmon alleges she was denied

requested accommodations in the family court proceedings is not enough to satisfy the pleading requirements to impose *Monell* liability against Jefferson County under the *Iqbal/Twombly* standard.[1]  Accordingly, the *Monell* claims asserted against Jefferson County are dismissed.

### 2.    *ADA Claim*

Jefferson County also moves to dismiss the Plaintiff's Section 1983 claims based on alleged violations of the ADA. (Defs.' Mot. Dismiss 8-9). As this Court has already ruled in this matter:

> [T]he 1st Amended Complaint does not state a plausible claim for prospective relief for an ADA violation as part of Plaintiffs' Section 1983 claims. (1st Am. Compl. ¶¶ 157-236). The ADA is "independently actionable and [has] [a] comprehensive remedial scheme[]. Violating [the ADA] does not give rise to separate claims under § 1983." *Cole v. Taber*, 587 F. Supp. 2d 856, 863 (W.D. Tenn. 2008) (citations omitted); *see also Bernard v. N. Ky. Univ.*, No. 11-65-DLB-JGW, 2012 WL 1571184, at *7 n.6 (E.D. Ky. May 3, 2012) ("District courts within this circuit agree that the ADA provides a comprehensive remedial scheme such that violations of the ADA do not give rise to a separate claim under § 1983. Section 1983 is not an appropriate vehicle for such a claim, and thus any claim Plaintiff intends [to] assert[] a violation of the ADA was not properly brought."). Accordingly, Plaintiffs have failed to state an ADA claim under Section 1983.

(Mem. Op. & Order 13 n.5, DN 73 (alterations in original)); *see also Porter v. Ellis*, 117 F. Supp. 2d 651, 652 (W.D. Mich. 2000) ("Even if Plaintiff had a colorable claim under the ADA, he could not use section 1983 as a conduit for that claim. Not every statutory violation is actionable under section 1983." (citation omitted)); *Burnette v. Univ. of Akron*, No. 5:11CV-2361, 2012 WL 3587568, at *5 (N.D. Ohio Aug. 20, 2012) ("Plaintiff's attempt to pursue his federal disability discrimination claims under [Section] 1983 fails as well. The ADA provides a comprehensive statutory remedial scheme that creates the exclusive remedy for violation of that

---

[1] *Monell* liability is rarely imposed because "[i]n virtually every instance where a person has had his or her constitutional rights violated by a [municipal] employee, a [Section] 1983 plaintiff will be able to point to something the [municipality] 'could have done' to prevent the unfortunate incident." *Hanson v. Madison Cnty. Detention Ctr.*, 736 F. App'x 521, 542-43 (6th Cir. 2018) (quoting *City of Canton*, 489 U.S. at 392).

statute.  In other words, [Section] 1983 does not provide a remedy for violations of the ADA." (internal citation omitted) (citation omitted)).

In addition, the 1st Amended Complaint fails to allege an ADA claim against Jefferson County.  In this pleading, Harmon outlines her purported efforts to obtain accommodations.  (1st Am. Compl. ¶¶ 161-190).  While her Section 1983 claims relating to alleged ADA violations incorporate those paragraphs, Harmon has failed to allege facts that could plausibly support a finding that either Jefferson County or its employees denied her any accommodation relating to her two family court cases filed in Jefferson Circuit Court.  Accordingly, Jefferson County is also entitled to dismissal on this basis.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 92) is **GRANTED**, and Harmon's claims against Yancey and Jefferson County are **DISMISSED**.  In addition, because the Jefferson County Attorney is an office of Jefferson County, any claim asserted against Jefferson County Attorney is **DISMISSED** for the same reasons as Jefferson County.

Greg N. Stivers, Chief Judge
United States District Court

August 7, 2025

cc:    counsel of record
       Teresa Harmon, *pro se*

7