UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00047-GNS

TERESA HARMON                                                                                                        PLAINTIFF

v.

HON. LORI GOODWIN et al.                                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (DN 110). The motion is ripe for adjudication.

## I.   BACKGROUND

This matter relates to two family court cases filed in Jefferson Family Court (Kentucky). (1st Am. Compl. ¶ 2, DN 6). Plaintiff Teresa Harmon ("Harmon") claims that the rights of her and her two children, I.H. and S.H., were violated, and that they were subjected to tortious conduct during a series of child custody hearings and actions. (1st Am. Compl. ¶¶ 3-5, 25-55).

Plaintiffs filed this action asserting various federal and state law claims against numerous defendants. (1st Am. Compl. ¶¶ 54-322). For purposes of the pending motion, the challenged claim is asserted by Harmon against the Commonwealth of Kentucky ("Commonwealth"). (1st Am. Compl. ¶¶ 213-236).

The Commonwealth has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Defs.' Mot. Dismiss, DN 110). Harmon opposes the motion. (Pl.'s Resp. Def.'s Mot. Dismiss, DN 112).

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) allows motions for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions

1

are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citation omitted). Courts need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted). A Fed. R. Civ. P. 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### III.    DISCUSSION

#### A.    *Younger* Abstention

The Commonwealth seeks dismissal of the Section 1983 claim based on the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), in asserting that this Court should abstain from hearing any claim raised against it. (Def.'s Mot. J. Pleadings 4-5). "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger*, 401 U.S. at 40-41); *see also Doe v . Lee*, No. 3:21-CV-00809, 2022 WL 1164228, at *3 (M.D. Tenn. Apr. 19, 2022) (citation omitted) (recognizing that the *Younger* abstention doctrine is a facial attack on the complaint). In determining whether to abstain on this basis, a court must consider three factors: "(1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest,

and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (citation omitted).

The 1st Amended Complaint alleges that the state court proceeding is still ongoing, and this pleading requests injunctive or declaratory relief for every cause of action—including the Section 1983 claim asserted against the Commonwealth. (1st Am. Compl. ¶¶ 101, 111, 118, 125, 132, 138, 147, 156, 191-192, 211-212, 228-236, 248, 257, 274, 281, 290, 297-298, 301, 307, 317). As to the second factor, "the Sixth Circuit has recognized that the realm of domestic relations is an important state interest." *Evans v. Downey*, No. 1:15-CV-00117-GNS, 2016 WL 3562102, at *4 (W.D. Ky. June 23, 2016) (citing *Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982)); *see also Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Finally, any adverse decision of the state family court can be appealed to the Kentucky Court of Appeals as a matter of right. *See* KRS 22A.020.

For these reasons, the relevant factors all weigh in favor of abstaining and dismissing the claim asserted against Commonwealth based on the *Younger* abstention doctrine. The motion is granted on this basis.

      B.    ***Rooker-Feldman* Doctrine**

In addition, the Commonwealth argues that this Court lacks jurisdiction to hear claims against it due to the *Rooker-Feldman* doctrine. (Def.'s Mot. J. Pleadings 5-6). Under this doctrine, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." *Pieper v. Am. Arb. Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003) (internal quotation marks omitted) (citation omitted). Only the U.S. Supreme Court has jurisdiction to review state court judgments. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923). Thus, the *Rooker-Feldman* doctrine acts as a

limitation on federal courts' jurisdiction, "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [ruling] . . . ." *Feldman*, 460 U.S. at 482 n.16.

While the 1st Amended Complaint attempts to couch its allegations in terms of seeking vindication of Harmon's rights, she is effectively asking this Court to review and overturn the decisions of the Jefferson Family Court. The proper way for Harmon to seek judicial review of Jefferson Family Court's decisions is through the state court system, and this Court lacks jurisdiction to conduct such a review of a state court's decisions. Harmon's Section 1983 claim against the Commonwealth is barred by the *Rooker-Feldman* doctrine because the claim seeks judicial review of the Jefferson Family Court's decision by this Court. This claim is dismissed.

C.  **ADA Claim**

Finally, the Commonwealth argues that the allegations and the 1st Amended Complaint and Harmon's arguments in her response establish that she has failed to state an ADA claim against it. (Def.'s Reply Mot. J. Pleadings 1-4, DN 114). While the Commonwealth's position is well-taken and supports dismissal, this Court has previously addressed the viability of Harmon's ADA claim asserted under Section 1983:

> [T]the 1st Amended Complaint does not state a plausible claim for prospective relief for an ADA violation as part of Plaintiffs' Section 1983 claims. (1st Am. Compl. ¶¶ 157-236). The ADA is "independently actionable and [has] [a] comprehensive remedial scheme[]. Violating [the ADA] does not give rise to separate claims under § 1983." *Cole v. Taber*, 587 F. Supp. 2d 856, 863 (W.D. Tenn. 2008) (citations omitted); *see also Bernard v. N. Ky. Univ.*, No. 11-65-DLB-JGW, 2012 WL 1571184, at *7 n.6 (E.D. Ky. May 3, 2012) ("District courts within this circuit agree that the ADA provides a comprehensive remedial scheme such that violations of the ADA do not give rise to a separate claim under § 1983. Section 1983 is not an appropriate vehicle for such a claim, and thus any claim Plaintiff intends [to] assert[] a violation of the ADA was not properly brought."). Accordingly, Plaintiffs have failed to state an ADA claim under Section 1983.

4

(Mem. Op. & Order 13 n.5, DN 73 (alterations in original)); *see also Porter v. Ellis*, 117 F. Supp. 2d 651, 652 (W.D. Mich. 2000) ("Even if Plaintiff had a colorable claim under the ADA, he could not use section 1983 as a conduit for that claim. Not every statutory violation is actionable under section 1983." (citation omitted)); *Burnette v. Univ. of Akron*, No. 5:11CV-2361, 2012 WL 3587568, at *5 (N.D. Ohio Aug. 20, 2012) ("Plaintiff's attempt to pursue his federal disability discrimination claims under [Section] 1983 fails as well. The ADA provides a comprehensive statutory remedial scheme that creates the exclusive remedy for violation of that statute. In other words, [Section] 1983 does not provide a remedy for violations of the ADA." (internal citation omitted) (citation omitted)). Accordingly, the Commonwealth is entitled to dismissal of the Section 1983 claim.[1]

Even if the Court were to consider the sufficiency of the allegations, the 1st Amended Complaint does not state an ADA claim. "To establish a prima facie case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) she has a disability; (2) she is otherwise qualified; (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability." *Jolly v. Paige*, No. 5:21-CV-00017-GFVT, 2021 WL 3519717, at *2 (E.D. Ky. Aug. 10, 2021) (quoting *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015)).

Harmon has alleged:

> Commonwealth of Kentucky ("Kentucky"), through its actions and policies enacted by its departments, agencies, and instrumentalities, including the Kentucky Supreme Court and Administrative Office of the Courts, is named as a defendant. Kentucky, by and through its judicial branch, has established rules, procedures, and a code of conduct that violate federal law, specifically the ADA

---

[1] As the Commonwealth noted in its reply, Harmon failed to address its argument that the Commonwealth does not qualify as a person under Section 1983. (Def.'s Reply Mot. J. Pleadings 2 n.1). This principle is well-established and precludes Harmon's Section 1983 claim against the Commonwealth. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

> and Fourteenth Amendment to the United States Constitution. Kentucky, by and through its administrative branch, has established rules, policies, and procedures that violate federal law, specifically the ADA and Fourteenth Amendment. Kentucky, by and through its executive branch, has established rules, policies, and procedures that violate federal law, specifically the ADA and Fourteenth Amendment. Kentucky is sued in its official capacity for the rules, policies, procedures, and code of conduct that have resulted in discrimination against individuals with disabilities, deprived them of equal access to judicial processes, or otherwise resulted in a deprivation of federally protected rights.

(1st Am. Compl. ¶ 22). This paragraph contains broad, conclusory allegations, and "a plaintiff must specify the government policy or custom which [she] alleges caused [her] injury . . . ." *Couch v. Dep't of Pub. Advocacy*, No. 6:23-066-KKC, 2023 WL 4166083, at *3 n.4 (E.D. Ky. June 23, 2023) (citing *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Bright v. Gallia Cnty.*, 753 F. 3d 639, 660 (6th Cir. 2014)).

In the 1st Amended Complaint, Harmon alleges that she filed two motions with the Jefferson Family Court in which she requested the following accommodations

> a.  Remote appearance via Zoom;
> b.  Electronic filing of exhibits via Zoom during remote appearances, when necessary;
> c.  Electronic filing into the case;
> d.  Electronic receipt of all documents from opposing counsel;
> e.  Electronic receipt of all documents from the Court;
> f.  Use of personal laptop during court proceedings;
> g.  Assistance during proceedings from a support person of [Mother's] choice; and,
> h.  Frequent breaks during proceedings lasting longer than 30 minutes.

(1st Am. Compl. ¶¶ 169-170 (alteration in original)). Of the requested accommodations, Harmon alleges that the family court judge denied the requests for: "(c) Electronic filing into the case; (d) Electronic receipt of all documents from opposing counsel; (e) Electronic receipt of all documents from the Court; and (g) Assistance from a support person of [Mother's] choice." (1st Am. Compl. ¶ 175 (alteration in original)). In Harmon's response, she concedes that no self-represented litigants are permitted to use the electronic filing system in Jefferson Family Court.

(Pl.'s Resp. Def.'s Mot. J. Pleadings 3-4).  She has therefore not alleged that her disability was the but-for cause for the denial of electronic filing access.  *See S.R. v. Kenton Cnty. Sheriff's Off.*, No. 2:15-CV-143 (WOB-JGW), 2015 WL 9462973, at *7 (E.D. Ky. Dec. 28, 2015) ("Intentional discrimination on the basis of disability must be a 'but for' factor in the challenged action." (citing *Anderson*, 798 F.3d at 357 n.1)).

Harmon also alleges that the order denying the requested accommodations "had stricken 'support person' and handwritten 'licensed attorney' in its place."  (1st Am. Compl. ¶ 176).  A non-lawyer, however, may not represent someone else in court, which would constitute the unauthorized practice of law.  *See Cabinet for Health & Family Servs. v. Appalachian Hospice Care, Inc.*, 642 S.W.3d 693, 697 (Ky. 2022) ("SCR 3.020 defines the practice of law as 'any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services.'  Performing such services by "non-lawyers" for "others" represents the unauthorized practice of law."  (internal footnote omitted) (quoting *Countrywide Home Loans, Inc. v. Ky. Bar Ass'n*, 113 S.W.3d 105, 108 (Ky. 2003))).  As a result, Harmon has not stated a plausible claim relating to this accommodation request.

As to the dismissal of Harmon's appeals, the 1st Amended Complaint likewise fails to state a claim.  On April 17, 2023, Harmon filed a notice of appeal from a decision of the Jefferson Family Court dated March 17, 2023, which denied Harmon's motion to appeal *in forma pauperis* from orders entered on February 8 and 9, 2023.  The Kentucky Court of Appeals affirmed that the denial of that request on June 8, 2023.  *See Harmon v. Harmon*, No. 2023-CA-0492-ME, Order (Ky. App. June 8, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/3c8a0a5690515133a09f34a45259c38747b6aba6ff7c5f6d859250a13

11d800b/download. Harmon then moved for discretionary review, which the Kentucky Supreme Court denied on September 20, 2023. *See Harmon v. Harmon*, No. 2023-SC-0303-DE, Order (Ky. Sept. 20, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/ca4be640d423834e61b91ab0d90062dc77e67aa4aaf3e4305a4f06ab6ea9a5e8/download. In late October or early November 2023, Harmon requested an extension of time as a disability accommodation, but the request was returned as untimely because the appeal was final as of September 28, 2023.

On June 22, 2023, Harmon filed a notice of appeal from a Jefferson Family Court order and was permitted to proceed *in forma pauperis*. On June 27, 2023, the Kentucky Court of Appeals entered show cause order directing Harmon to explain why the appeal should not be dismissed as interlocutory.[2] *See Harmon v. Harmon*, No. 2023-CA-0752-MR, Order (Ky. App. June 27, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/6c2a133d984c8c8cc02e0fc195a476c77d85b3caa3f1080d9413b9f3aa52ebe4/download. Harmon's attorney, Louis Waterman ("Waterman"),[3] filed a response on Harmon's behalf on July 13, 2023. On August 22, 2023, the Court of Appeals dismissed that appeal as interlocutory. *See Harmon v. Harmon*, No. 2023-CA-0752-MR, Order (Ky. App. Aug. 22, 2023), at online at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/4be5b0e320d3ebb838e72f0c8bb8ce1c5e92f83ed3200da3fe9e87e6204f23f0/download. That appeal became final on October 16, 2023.

---

[2] An interlocutory order is defined as "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Interlocutory Order*, Black's Law Dictionary (12th ed. 2024). Under Kentucky law, "[a]n interim or interlocutory order at the trial court level . . . cannot be appealed before the final decision of the trial court disposing of all issues [in the case]." *Knott v. Crown Colony Farm, Inc.*, 865 S.W.2d 326, 329 (Ky. 1993). When an appellate court lacks jurisdiction over an interlocutory appeal, it will dismiss the appeal. *See Dep't of Corr. v. Baze*, 701 S.W.3d 549, 551 (Ky. 2024) ("[T]here is no appellate jurisdiction over the typical interlocutory order. And it is for that reason that attempted interlocutory appeals are dismissed." (citations omitted)).

[3] Waterman was a Defendant in the present action.

Harmon filed her most recent appeal on November 8, 2023, and she paid the required filing fee. On December 28, 2023, the Kentucky Court of Appeals issued a show cause order directing Harmon to show cause why the appeal should not be dismissed as interlocutory. *See Harmon v. Harmon*, No. 2023-CA-1355, Order (Ky. App. Dec. 28, 2023), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/314e7e25f094b52fdc380b75efd3833ad70efdc4e470865855432b07a16c9f6f/download. On January 29, 2024, the Kentucky Court of Appeals dismissed that appeal as interlocutory. *See Harmon v. Harmon*, No. 2023-CA-1355, Order (Ky. App. Jan. 29, 2024), at https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/314e7e25f094b52fdc380b75efd3833ad70efdc4e470865855432b07a16c9f6f/download. That appeal became final on March 1, 2024.

Harmon has not stated a plausible ADA claim relating to her appeals to the Kentucky Court of Appeals. Accordingly, the Commonwealth's motion is granted, and Harmon's ADA claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (DN 110) is **GRANTED**, and the Section 1983 and ADA claims asserted against the Commonwealth of Kentucky in the 1st Amended Complaint (DN 6) are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

August 7, 2025

cc: counsel of record
Teresa Harmon, *pro se*

9